UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>PAUL PORTER )  | No. 08 CR 153<br><br>Hon. Rebecca R. Pallmeyer<br>Emergency Judge |

## MOTION TO VACATE RELEASE ORDER

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves the Court, pursuant to 18 U.S.C. § 3145(a), to enter an order vacating Magistrate Judge Nan Nolan's March 6, 2008, order releasing defendant Paul Porter on bond upon notification that the Gateway Foundation ("Gateway") will accept defendant into an inpatient mental health and substance abuse treatment program. As set forth below, the defendant is both a danger to the community and a risk of flight and should be detained. 18 U.S.C. §§ 3142(e) and (f). Moreover, as described more fully below, there is no condition or combination of conditions that will assure defendant's appearance in Court and the safety of the community. 18 U.S.C. § 3142(e).

## BACKGROUND

**I.    Procedural History**

Defendant was arrested on February 21, 2008, and charged in a criminal complaint with bank robbery, in violation of Title 18, United States Code, Section 2113(a). *See* Docket Entry #1. The complaint alleges that during the course of the

robbery, defendant physically assaulted an armed bank security guard. At his initial appearance, defendant waived his right to a preliminary hearing, but requested release pending trial.

At defendant's detention hearing before Magistrate Judge Nan Nolan on February 28, 2008, the government moved that the defendant be detained pending trial as a danger to the community and risk of flight. Defendant requested release, either to a third party custodian or to Gateway for treatment for substance abuse and mental health issues. The government objected to defendant's release to Gateway on the grounds that Gateway is not a secure facility, Pretrial Services cannot have the defendant on electronic monitoring while at Gateway, and defendant would be free to leave Gateway at any time. Pretrial Services recommended that defendant be detained. Judge Nolan continued defendant's hearing for one week to permit further investigation into whether or not Gateway would accept defendant for treatment.

On March 6, 2008, the parties again appeared before Judge Nolan and informed her that Gateway had interviewed defendant by telephone and would accept defendant for treatment as soon as bed space became available. The government renewed its objection to defendant's release, and pretrial services again recommended that defendant be detained. Judge Nolan found that defendant had significant ties to Chicago, a criminal history of many arrests, but few convictions, and a need for the type of treatment Gateway offers, but that the federal prisons do not provide.

## II.   Conditions of Release

Judge Nolan ordered defendant released on an unsecured $4,500 bond, with the condition that he attend Gateway and participate in treatment. Defendant was ordered to report to the court at the earliest practicable date after his release from Gateway. During the time between his release and report to court, the defendant was ordered to stay with LaDell Mitchell, the defendant's friend and mother of one of defendant's children, who was designated the third-party custodian. Judge Nolan admonished defendant that he was being given a chance to improve his condition by treatment and that any problems in his treatment would result in his re-incarceration pending trial. Finally, she set a status hearing for April 4, 2008, to determine defendant's progress in treatment.

Judge Nolan stayed the release order until Gateway has bed space for defendant. Gateway does not anticipate having bed space for defendant for at least two weeks. When bed space becomes available, Gateway will pick up the defendant from the MCC and transport him to their facility in Chicago.

## **LEGAL STANDARD**

In cases involving crimes of violence, the government may seek the defendant's detention pending trial, pursuant to 18 U.S.C. § 3142(f)(1)(A). In such cases, Section 3142(e) requires that a judicial officer detain a defendant pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Should a defendant be ordered released by a magistrate judge, the government may file with the district court a motion for revocation of the

order. 18 U.S.C. § 3145(a)(1). The district court's review is de novo. *U.S. v. Messino*, 842 F.Supp. 1107, 1109 (N.D. Ill. 1994); *see also U.S. v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

## ARGUMENT

The government respectfully submits that the bond and conditions imposed by Judge Nolan cannot reasonably assure the safety of the community and defendant's appearance as required. Detention is necessary where, as here, the crime is of a violent nature, the evidence is overwhelming, the defendant has a criminal history that would qualify him for "career offender" status under the Sentencing Guidelines, and the facility to which the defendant has been ordered to report is not a secured facility. According to Pretrial Services, should defendant leave the facility, Gateway would not prevent defendant from leaving; instead, Gateway personnel would call Pretrial Services to inform them of defendant's departure. It is not possible to have defendant on electronic monitoring while defendant is at Gateway.

Consideration of the four statutory factors set forth at Section 3142(g) establishes the appropriateness of detention and makes clear that no condition or combination of conditions, especially not the proposed conditions of release, will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

**The Nature and Circumstances of the Offense Charged**

Defendant is charged in a criminal complaint with robbing the MB Financial Bank located at 800 W. Madison St., Chicago, Illinois. This robbery took place during the lunch hour on Thursday, February 21, 2008. According to the victim teller, defendant approached him/her and told her, "I'm drunk, lower the money, give me $2,000 right now in one hundred dollar bills. Right now, I don't want to hurt anyone." According to witness statements and the bank's surveillance video, during the robbery, defendant engaged in a physical altercation with an armed security guard. According to the security guard, the defendant told him that he had a gun, and stated, "come on, motherfucker, get some." Bank surveillance photos show the defendant reaching over the teller counter and taking money from the teller drawer. *See* Exhibit A, attached hereto. The guard permitted defendant to exit the bank, but defendant was apprehended shortly thereafter when police officers, alerted by a witness who had watched defendant flee, apprehended defendant in a nearby restaurant. The bold and violent nature of the alleged conduct is an indication of the defendant's dangerousness.

**The Weight of the Evidence Against Defendant**

The overwhelming weight of the evidence in this case is relevant in two respects. First, the weight of the evidence is "relevant to the question of whether detention is justified by the need to protect the community." *United States v. Calabrese*, 436 F.Supp.2d 925, 927 & n.3 (N.D. Ill. 2006). Second, "[v]ery strong evidence, when coupled with the possibility of a very long sentence, is relevant to

the likelihood of the accused's non-appearance at trial. Flight is always more likely when a defendant has little or nothing to lose by absconding." *Id*. Defendant faces a bank robbery charge that carries a maximum sentence of 20 years. The government's preliminary Guidelines calculation for defendant show that defendant is a "career offender" and as such, his offense level is 32 and his advisory Guidelines range is between 210-262 months' imprisonment.

The evidence against defendant includes bank surveillance video which captures defendant's actions during the robbery, including his efforts to remove money from the teller drawer, and witness identifications of the bank robber by the victim teller and the security guard. The weight of the evidence is thus very strong and demonstrates both the danger posed by the defendant and his incentive to flee or otherwise not appear as required.

### Defendant's History and Characteristics

Defendant's history and characteristics demonstrate the need for detention in this case. Defendant has a significant criminal history, including six felony convictions for controlled substance, robbery, and aggravated robbery offenses between 1995 and the present. Defendant also has violated his work release and his probation in connection with a 2002 conviction for possession of a controlled substance in Chicago, Illinois, and a 1997 robbery conviction in Seattle, Washington. At the time of his arrest, only three months had elapsed since Defendant had discharged his parole in two separate cases - a 2004 aggravated robbery conviction, and a 2006 possession of controlled substance conviction - in late September, 2007.

Defendant also has a significant history of mental health and substance abuse issues. Defendant has admitted to using cocaine, most recently in the two days prior to his arrest, and to excessive use of alcohol. Further, he has been prescribed Paxil and Geodon for schizoaffective bi-polar disorder, although he admitted that he had not taken the medication regularly. He has been hospitalized several times for mental illness and was discharged from a voluntary inpatient drug treatment program the week prior to his arrest.

### Nature and Seriousness of the Threat Posed to the Community

Defendant's significant criminal history, which includes violations of probation, in 2004, and work release, in 1998, demonstrate a repeated pattern of disregard for the authority of the judicial system. The nature of the alleged offense and the violent crimes for which defendant has been previously convicted also suggest that defendant is not afraid to use violent means to achieve his ends. Finally, defendant's drug addiction and mental instability, in combination with his criminal history, make his release, and specifically, his placement in an unsecured, voluntary treatment facility, insufficient to ensure his appearance in this case and to protect the safety of the community.

### **CONCLUSION**

For the foregoing reasons, the government respectfully submits that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of other persons and the community. Accordingly, the government respectfully requests that the Court vacate the Order Setting

Conditions of Release and order that defendant Porter be detained pending the trial of this matter.

                                Respectfully submitted,

                                PATRICK J. FITZGERALD
                                United States Attorney for the
                                Northern District of Illinois

                By:   /s/ Maureen E. Merin
                        MAUREEN E. MERIN
                        Assistant United States Attorney
                        219 South Dearborn Street
                        Chicago, IL 60604
                        (312) 353-1457

March 7, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

## MOTION FOR REVOCATION OF RELEASE ORDER

were served on March 7, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s Maureen E. Merin
MAUREEN E. MERIN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-1457