IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )  |
|  | ) No. 08 CR 153 |
| v. | ) |
|  | ) Judge Joan B. Gottschall |
| PAUL PORTER | ) |

### DEFENDANT PAUL PORTER'S PLEA DECLARATION

The defendant, PAUL PORTER, after extensive consultation with his attorney, BETH W. GAUS, acknowledges and states the following:

1. Mr. Porter has been indicted on one count of bank robbery. The indictment charges that on or about February 21, 2008, Mr. Porter, by force, violence and intimidation, took money from employees of MB Financial Bank, 800 West Madison Street, Chicago, Illinois, which monies belonged to and were in the care, custody, management, and possession of that bank, whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. §2113(a).

2. Mr. Porter has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

3. Mr. Porter fully understands the nature and elements of the crime with which he has been charged. More specifically, it is Mr. Porter's understanding that the following are the elements of bank robbery under 18 U.S.C. §2113(a) which the government would have to prove if this case proceeded to trial:

(a) the defendant took, or attempted to take, from the person or presence of

1

        another, any money, property, or other specific thing of value belonging to, or in the care, custody, control, management, or possession of a bank;

    (b)    at the time charged in the indictment, the bank had its deposits insured by the Federal Deposit Insurance Corporation;

    (c)    the defendant acted to take such money, property, or other specific thing of value by force and violence, or by intimidation.

4.    Mr. Porter will enter a voluntary plea of guilty to the charge contained in the indictment.

Factual Basis

5.    Mr. Porter will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, Mr. Porter acknowledges the following facts to be true:

Count One:

On or about February 21, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, Paul Porter, by force and violence, and by intimidation, did take from the person and presence of bank employees, approximately $213 in United States currency belonging to, and in the care, custody, control, management, and possession of MB Financial Bank, located at 800 West Madison Street, Chicago, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, §2113(a).

Specifically, on February 21, 2008, the defendant entered the MB Financial Bank, located at 800 West Madison Street, Chicago, Illinois. The defendant approached a bank manager and a teller at a teller station. The defendant told the manager and the teller, "I'm drunk. Give me $2000 right now in $100 dollar bills, right now, I don't want to hurt anyone." The defendant reached over the bank counter and removed money from the bank drawer. The defendant walked out of the bank. The defendant was apprehended by Chicago Police Officers at S&S Restaurant on Randolph and Green Streets. A bank audit reflected a loss of $213 as a result of the robbery. The MB Financial Bank, located at 800 West Madison Street, Chicago, Illinois, was insured by the Federal Deposition Insurance Corporation when the defendant committed the robbery.

Mr. Porter deeply regrets his inexcusable actions in this case, and is now participating in treatment for his dual disorders of substance abuse and mental illness.

Potential Penalties

6. Mr. Porter understands that the charge to which he will plead guilty carries a maximum incarceration sentence of 20 years and a maximum fine of $250,000. Mr. Porter also understands that the charge carries a term of supervised release of up to 3 years.

7. Mr. Porter understands that in accord with federal law, 18 U.S.C. §3013, upon entry of a judgment of conviction, he will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

8.   Mr. Porter acknowledges that, pursuant to 18 U.S.C. §3663A, the Court is required to order a defendant to make full restitution, minus any credit for funds repaid or recovered prior to sentencing.

Preliminary Sentencing Guidelines Calculations

9.   For the purposes of applying the advisory Guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994, it is Mr. Porter's understanding that the following advisory guidelines calculations may apply:

(a)   Because the charged conduct occurred on February 21, 2008, it is Mr. Porter's position that the November 1, 2007 Guidelines are the appropriate advisory guidelines to be used.

(b)   Pursuant to Guideline § 2B3.1, the base offense level is level 20.

(c)   Pursuant to Guideline § 2B3.1(b)(1), because the property of a financial institution was taken, the offense level is increased by 2 levels.

(d)   Mr. Porter understands that he may possibly be considered a career offender under §4B1.1. If that provision does apply, then Mr. Porter's offense level prior to any acceptance of responsibility reduction may be 32, with an automatic criminal history category of VI.

(e)   Mr. Porter admits his guilt, is extremely remorseful for this crime, and accepts full responsibility for his actions. He understands that a 2-level reduction for acceptance of responsibility under § 3E1.1(a) may apply. Mr. Porter understands that this

reduction is conditional upon a finding by the Court that he has in fact accepted responsibility for his actions.

(f)     Furthermore, Mr. Porter should receive an additional 1-level reduction under § 3E1.1(b) as the offense level is greater than 16, Mr. Porter informed the Court and the government that he intended to plead guilty in a timely manner, and Mr. Porter has pled guilty in a timely manner, thus allowing the government to avoid preparing for trial.

(g)     Mr. Porter reserves the right to request a downward departure or variance on any grounds he deems appropriate. He understands that the Court may or may not decide to grant any particular departure or variance that he requests. Mr. Porter further understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

Preliminary Nature of Calculations

10.     Mr. Porter and his attorney acknowledge that the above calculations are preliminary in nature and based on facts known to the defendant at the time of this Plea Declaration. Mr. Porter understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

11.     Errors in calculations or interpretation of any of the guidelines may be

corrected or amended prior to sentencing. Any such errors or misinterpretations may be corrected by a statement to the probation office and/or the Court setting forth the disagreement as to the correct guidelines or laws and their application.

Trial Rights and Appellate Rights

12.   Mr. Porter understands that by pleading guilty he surrenders certain rights, including the following:

(a)   If the defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. In order for the trial to be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b)   If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c)  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and thus need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e)  At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

13.  Mr. Porter understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty, Mr. Porter admits he is guilty and agrees that he should be found guilty. Mr. Porter's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Porter further understands that he is waiving all appellate issues that might have been available in connection with exercising his right to trial, and may appeal only his sentence or the validity of this plea of guilty.

7

Limitations and Consequences of this Plea Declaration

14. Mr. Porter understands that the United States Attorney's Office will inform the District Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding these charges and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Porter further understands that he will be able to present evidence in mitigation for sentencing.

15. Mr. Porter understands that at the time of sentencing, both him and the government will be free to make their respective recommendations regarding sentencing to the Court as they each deem appropriate.

16. Mr. Porter understands that the Sentencing Guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Porter understands that the applicable sentencing guideline range is one factor that this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

17. Should this Court refuse to accept Mr. Porter's plea of guilty, this Plea Declaration shall become null and void and the defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings

pursuant to Federal Rule of Evidence 410.

18. Mr. Porter agrees that this Plea Declaration shall be filed and become part of the record of the case.

19. Mr. Porter and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce Mr. Porter to plead guilty. Mr. Porter further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 9th day of July, 2008

_Paul Porter_ 7-18-08
Paul Porter, Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _Beth_ 7-18-08
Beth W. Gaus
Attorney for Defendant

BETH W. GAUS
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8342

9